WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Nicholas G. Hood, Esq., SBN 238620
Nichole L. Glowin, Esq., SBN 262932
Yelena Cayton, Esq., SBN 258380
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel. (949) 477-5050; Fax (949) 477-9200
nglowin@wrightlegal.net

Attorneys for Defendants, WELLS FARGO BANK, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAMP TRUST 2003-HE2, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2003-HE2; OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; VANESSA LEWIS; and TOBIAS BRYANT

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>SUSAN L. BOURGEOIS<br><br>SUSAN L. BOURGEOIS, an individual,<br>        Plaintiff,<br>    vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAMP TRUST 2003-HE2, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2003-HE2, a corporation, et al.,<br>        Defendants. | Adversary Case No.: 15-90176-LA<br>Bankruptcy Case No.: 12-16096-LA<br><br>*Assigned to Hon. Louise DeCarl Adler*<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>**[FRCP Rule 12(b)(1), (6), and (7)]**<br><br>Date: December 17, 2015<br>Time: 2:00 p.m.<br>Dept.: 2<br>Room: 18<br><br>[Filed concurrently with Motion to Strike and Request for Judicial Notice] |

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that on December 17, 2015 at 2:00 p.m. in Department 2/Room 18 of the above-referenced Court, located at 325 West F Street, San Diego, California 92101, Defendants WELLS FARGO BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAMP TRUST 2003-HE2, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2003-HE2 ("Wells Fargo"); OCWEN LOAN SERVICING, LLC ("Ocwen"); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); VANESSA LEWIS ("Lewis") and TOBIAS BRYANT ("Bryant") (collectively, "Defendants") will move this Court, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(1), (6), and (7)[1] for an Order dismissing the Adversary Complaint ("Complaint") of Plaintiff SUSAN L. BOURGEOIS ("Plaintiff") for: (1) lack of subject matter jurisdiction; (2) failure to state a claim upon which relief can be granted; and (3) misjoinder of parties. This Motion to Dismiss ("Motion") is made on the grounds that, after reviewing the conclusory allegations of the Complaint, this Court lacks subject matter jurisdiction, Plaintiff has failed to plead the essential facts which give rise to her claims against Defendants, and Plaintiff failed to join a necessary party.

---

[1] Via Federal Rules of Bankruptcy Procedure, Rule 7012.

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

This Motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities set forth below, the Request for Judicial Notice filed concurrently herewith, the complete file and records in this action, the oral argument of counsel, if any, and such other and further evidence as the Court might deem proper.

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated: November 4, 2015           By:        /s/ Nichole L. Glowin
                                          Nichole L. Glowin, Esq.
                                          Attorneys for Defendants
                                          WELLS FARGO BANK, NATIONAL
                                          ASSOCIATION SUCCESSOR BY
                                          MERGER TO WELLS FARGO BANK
                                          MINNESOTA, NATIONAL
                                          ASSOCIATION, AS TRUSTEE FOR
                                          GSAMP TRUST 2003-HE2, MORTGAGE
                                          PASSTHROUGH CERTIFICATES, SERIES
                                          2003-HE2; OCWEN LOAN SERVICING,
                                          LLC; MORTGAGE ELECTRONIC
                                          REGISTRATION SYSTEMS, INC.;
                                          VANESSA LEWIS; and TOBIAS BRYANT

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

# TABLE OF CONTENTS

Page No.

I.  INTRODUCTION                                                                    1

II.  STATEMENT OF FACTS                                                             1

III.  ARGUMENT                                                                      2

A.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE THIS
    COURT LACKS SUBJECT MATTER JURISDICTION AS THIS
    IS A NON-CORE PROCEEDING                                                        2

B.  THE COMPLAINT SHOULD BE DISMISSED FOR MISJOINDER
    OF PARTIES                                                                      4

C.  PLAINTIFF'S ACTION IS BARRED BYRES JUDICATA AND/OR
    COLLATERAL ESTOPPEL                                                             5

    1.  The Complaint is Barred by Res Judicata                                     6

    2.  The Complaint is Barred by Collateral Estoppel                             8

D.  THE MOTION SHOULD BE GRANTED ON THE ADDITIONAL
    GROUNDS THAT PLAINTIFF FAILED TO STATE A CLAIM UPON
    WHICH RELIEF CAN BE GRANTED                                                     9

    1.  The Standard for Motions to Dismiss Under 12(b)(6)                          9

    2.  The Individual Person Defendants Cannot be Liable in their
        Individual Capacities                                                       9

    3.  Plaintiff's Challenge to Ownership/Assignment of the Loan Fails            10

        a.  Plaintiff Has No Standing to Assert the Complaint's Claims             10

        b.  Plaintiff's "Holder of the Note" Theory Fails                          11

        c.  Plaintiff Has Not Identified Any Prejudice                             13

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

|  |  |  |  |
|---|---|---|---|
| 4. | | The Causes of Action Fail for the Following Reasons | 13 |
| | a. | The First Cause of Action for Declaratory Relief Fails | 13 |
| | b. | The Second Cause of Action for Quiet Title Fails | 14 |
| | c. | The Third Cause of Action to Determine Validity and Extent of Lien Fails | 15 |
| | d. | The Fourth Cause of Action for Fraud and Intentional Deceit and Misrepresentation and the Fifth Cause of Action For Negligent Misrepresentation Fail | 15 |
| | e. | The Sixth Cause of Action for Unfair Business Practice Fails | 18 |
| | f. | The Seventh Cause of Action for Injunction Fails | 19 |
| V. | CONCLUSION | | 20 |

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Aguilar v. Bocci* (1974) 39 Cal.App.3d 475,477; ................................................. 14

*Ashcroft v. Iqbal*, 129 U.S. 662, 678 (2009) .................................................... 9

*Babb v. Superior Court* (1971) 3 Cal.3d 841 .................................................. 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .............................. 9

*Bell v. Renaldo*, 51 Cal. App. 3rd 779, 781 (1975)). ...................................... 17

*Bower v. AT&T Mobility, LLC* (2011)196 Cal. App. 4th 1545, 1557 ............... 17

*Branch v. Tunnell* (9th Cir. 1994) 14 F.3d 449, 454 ........................................ 1

*Bryant v. Avado Brands, Inc.* (11th Cir. 1999) 187 F.3d 1271, 1281, fn. 16. ..... 1

*Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal. App. 4th 118, 121- 123 ........ 12

*Carlson v. Murphy,* Cal. App. 2d 607, 611 (1935). ........................................ 17

*Chang Bee Yang v. Sun Trust Mortg., Inc.*

 (E.D. Cal. Mar. 15, 2011) 2011 WL 902108, * 5 ....................................... 13

*Chavez v. Bank of America, N.A.*, 2010 WL 1854087, *16 (E.D.Cal., 2010) .... 14

*Christie v. Bank of New York Mellon, N.A.*

 *(*9th Cir. June 11, 2015) 2015 WL 3621870, at *1 .................................. 10

*Dahnken v. Wells Fargo Bank, N.A.* (N.D. Cal. Nov. 8, 2013) 2013 WL 5979356, *2 .... 11

*Davis v. HSBC Bank Nevada, N.A.* (9th Cir. 2012) 691 F3d 1152, 1159-1160. .............. 2

*Debrunner v. Deutsche Bank Nat'l Trust Co*., 204 Cal.App.4th 433, 440 (2012) ............. 11

*Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th Cir.1994) ............................ 16

*Durrell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1366.) .......... 18, 19

*Edwards v. Fed. Home Loan Mortgage Corp.*,

 (N.D. Cal. Nov. 13, 2012) 2012 WL 5503532, at *3 ...................................... 5

*Emery v. Visa International Service Association*, (2002) 95 Cal.App.4th 952, 960 .......... 18

*Feminist Women's Health Ctr. v. Codispoti,* 63 F.3d 863, 868 (9th Cir.1995) ............ 7

*Filippo Indus., Inc. v. Sun Ins. Co. of New York* (1999) 74 Cal.App.4th 1429, 1443; ...... 10

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

1  *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal. App. 4th 256, 272..........................12

2  *Frank v. United Airlines, Inc.,* 216 F.3d 845, 851 (9th Cir.2000) ......................................6

3  *Galbraith v. County of Santa Clara* (9th Cir. 2002) 307 F.3d 1119, 1127); ......................1

4  *Gomes v. Countrywide Home Loans, Inc.*,

5  192 Cal. App. 4th 1149 (2011)...............................................................................12

6  *Gregory v. Widnall,* 153 F.3d 1071, 1074 (9th Cir.1998) ....................................................7

7  *Herrera v. Federal National Mortgage Assn*., (2012) 205 Cal.App.4th 1495, 1507 ... 11, 13

8  *In re de la Salle* (Bankr. E.D. Cal., June 15, 2012, 10-29678-E-7)

9  2012 WL 8143977, at *6 ..........................................................................................7

10 *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)....................................................................2

11 *In re Kold Kist Brands, Inc*., 158 B.R. 175, 178 (C.D. Cal. 1993)......................................2

12 *In re Mirant Corp*. (Bankr. N.D. Tex. 2004) 316 B.R. 234, 239 .........................................7

13 *In re Nordeen* (B.A.P. 9th Cir. Aug. 9, 2013) 2013 WL 4042618, *6-9............................10

14 *In re Thompson* (Bankr. W.D. Mo. 2001) 260 B.R. 484, 485 ............................................7

15 *In re Tucson Estates* (9th Cir. 1990) 912 F.2d 1162, 1169; .................................................4

16 *In re Universal Life Church* (ED CA 1991) 127 B.R.453, 455.............................................4

17 *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 515.....................11

18 *Jensen v. Quality Loan Serv. Corp*. (E.D. Cal. Mar. 22, 2010)

19 702 F. Supp. 2d 1183, 1188,.................................................................................14

20 *Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736, 744 .........................................11

21 *Khoury v. Maly's of California,* 14 Cal. App. 4th 612, 619, (1993)..................................18

22 *Kokkonen v. Guardian Life Ins. Co. of Am*. (1994) 511 U.S. 375, 377...............................2

23 *Lai v. Quality Loan Service Corp.*, 2010 WL 3419179 (C.D. Cal., 2010)...........................6

24 *Lane v. Vitek Real Estate Indus. Group* (E.D. Cal. 2010)

25 713 F.Supp.2d 1092, 1098-1099 .........................................................................11

26 *Maynard v. Wells Fargo Bank, N.A. (*S.D. Cal. Sept. 11, 2013) 2013 WL 4883202 *7....10

27 *Miller v. Provost (*1994)26 Cal.App.4[th] 1703, 1707 ........................................................14

28 *Mix v. Sodd* (1981)126 Cal.App.3d 386, 390 ...................................................................14

*Nasrawi v. Buck Consultants, LLC* (E.D. Cal. June 29, 2010) 2010 WL 2629071, at *3,  10

*New Hampshire v. Maine*, 532 U.S. 742, 748-749 (2001) ................................................. 8

*Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (2001)......................... 6

*Perlas v. GMAC Mortg., LLC* (2010) 187 Cal.App.4th 429, ............................................. 17

*Puentes v. Wells Fargo Home Mortg., Inc.* (2008) 160 Cal.App.4th 638, 643-644........... 19

*Ricon v. Recontrust Co.*, 2009 WL 2407396, *2 (S.D.Cal., 2009).................................... 16

*Robinson v. Countrywide Home Loans, Inc.* (2011) 199 Cal. App. 4th 42, 45-46............. 12

*Roque v. Suntrust Mortg., Inc.*, No. C-09-00040,

   2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010)......................................................... 12

*Santos v. Countrywide Home Loans,* 2009 WL 3756337, at *4 (E.D.Cal. Nov.6, 2009) .. 14

*Service by Medallion, Inc. v. Clorox Co.* (1996) 44 Cal. App. 4th 1807, 1818. ............... 18

*Siegel v. Federal Home Loan Mortg. Corp.* (9th Cir. 1998) 143 F.3d 525, 529 ................ 7

*Siliga v. Mortgage Electronic Registration, Systems, Inc.*

   (2013) 219 Cal.App.4th 75, 85-86 ............................................................................... 13

*Southern California Stroke Rehabilitation Associates, Inc., v. Nautilus, Inc.,*

   782 F.Supp.2d 1096, 1108 (S.D. Cal., 2011) ................................................................. 8

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).............................. 9

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. July 25, 2011) ............................................ 9

*Stern v. Marshall* (2011) 131 S. Ct. 2594, 2611............................................................... 2

*Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir., 2002) ............................................ 6

*Sullivan v. Triunfo Gold & Silver Mining Co.,* 39 Cal. 459, 465 (1870) ........................... 8

*Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.,*

   922 F.Supp.299, 304 (C.D. Cal., 1996)......................................................................... 9

*Trans Pacific Corp. v. South Seas Enterprises, Limited* (9th Cir. 1961) 291 F.2d 435, 4365

*Trinh v. Citibank, N.A. (*N.D. Cal. Dec. 17, 2012) 2012 WL 6574860, at *2 .................... 5

*Troyk v. Farmers Group, Inc.,* (2009) 171 Cal.App.4th 1305, 1346.................................. 18

*United States Liability Ins. Co. v. Haidinger–Hayes, Inc.* (1970) 1 Cal.3d 586, 594–595 10

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1006 (9th Cir.2003)............................... 16

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

*Villacres* v. *ABM Industries Inc.,* 189 Cal.App.4th 562 (2010) ............................................. 8

*Wang & Wang LLP v. Banco Do Brasil*, S.A., 2007 WL 915232, *2 (E.D.Cal., 2007 ..... 16

*Wilson v. Hynek* (2012) 207 Cal.App.4th 999; ...................................................................... 18

**Statutes**

28 U.S.C. § 157(b)(1), (c)(1). .................................................................................................. 2

Business & Professions. Code §17200 .................................................................................. 18

Business & Professions Code, §17204 .................................................................................. 19

Civil Code, § 2934 ................................................................................................................. 12

Civil Code, § 2936 ................................................................................................................. 12

Code of Civil Procedure § 338 ............................................................................................... 16

Code of Civil Procedure § 2924(a)(1) .................................................................................... 11

**Other Authorities**

7 Witkin, Cal.Proc. (3d Ed. 1985) Judgment §188, et seq. ...................................................... 6

Miller & Starr, *California Real Estate 2d* Sections 18.140 & 18.144 (1989), ...................... 4

**Rules**

Federal Rules of Civil Procedure Rule 8(a)(2) ........................................................................ 9

Federal Rules of Civil Procedure Rule 12(b)(6) ..................................................................... 9

Federal Rules of Civil Procedure Rule 12(b)(7). .................................................................... 4

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff filed this action (after reopening the dismissed underlying bankruptcy) in an apparent effort to avoid filing a proper state court action as to the Note and Deed of Trust at issue. The merits of this case are outside of the bankruptcy Court's jurisdiction as it is not a "core proceeding", and the Court should thus dismiss Plaintiff's Complaint with prejudice. Moreover, the Complaint should be dismissed because it is barred by the doctrines of res judicata/collateral estoppel, and the Complaint fails for misjoinder of an indispensable party.

Furthermore, the Court should dismiss Plaintiff's Complaint with prejudice because it fails to state a claim upon which relief can be granted. Plaintiff's Complaint makes unsupported conclusions of misconduct by Defendants based on theories that have since been debunked by California's state and federal courts. Specifically, the entire Complaint is based on the erroneous "holder of the note" theory, and Plaintiff lacks standing to bring this preemptive challenge to the pending foreclosure. Because each and every cause of action herein stems from these meritless arguments, they too fail, and this Motion should be granted.

## II.    STATEMENT OF FACTS

On or about April 17, 2003, Plaintiff and non-party, Clifford J. Bourgeois ("Clifford"), borrowed $150,000.00 (the "Note") from the originating lender, Accredited Home Lenders, Inc. ("Accredited") and its successors and assigns, which is secured by a recorded deed of trust (the "DOT") against 1280 Shari Way, El Cajon, California 92019 (the "Property") (the DOT and the Note are referred to herein as the "Loan"). Request for Judicial Notice ("RJN"), Exhibits 1[2] and 2.

---

[2] The Court may take judicial notice of documents referred to in the complaint, but not attached as exhibits thereto, to show that they do not support plaintiff's claim. Branch v. Tunnell (9th Cir. 1994) 14 F.3d 449, 454 (overruled on other grounds in Galbraith v. County of Santa Clara (9th Cir. 2002) 307 F.3d 1119, 1127); Bryant v. Avado Brands, Inc. (11th Cir. 1999) 187 F.3d 1271, 1281, fn. 16.

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

On October 17, 2011, a Corporate Assignment of Deed of Trust ("Assignment") was recorded, referencing the assignment of the Loan to defendant WELLS FARGO BANK, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAMP TRUST 2003-HE2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-HE2 ("Wells"). RJN, Exhibit 3[3].

Plaintiff and Clifford defaulted in payment on the Loan. RJN, Exhibit 4. Thereafter, foreclosure proceedings were initiated against the Property; however, a foreclosure has yet to occur. *See* Complaint, generally.

## III.    ARGUMENT

## A.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION AS THIS IS A NON-CORE PROCEEDING

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. FRCP Rule 12(b)(1). The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am. (1994) 511 U.S. 375, 377.

The Bankruptcy Court has authority to hear and determine "core" proceedings but cannot make determination in a "non-core" proceeding.  See 28 U.S.C. § 157(b)(1), (c)(1). See also Stern v. Marshall (2011) 131 S. Ct. 2594, 2611. "Core proceedings" are actions that generally have no existence outside of bankruptcy. In re Kold Kist Brands, Inc. (C.D. Cal. 1993) 158 B.R. 175, 178. As such, in the Ninth Circuit, the test is "whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Fietz (9th Cir. 1988) 852 F.2d 455, 457.  The Ninth Circuit has held that core proceedings are causes of action that are either determined by

---

Thereafter, the Court may incorporate these document by reference into the complaint for purposes of deciding the motion. Davis v. HSBC Bank Nevada, N.A. (9th Cir. 2012) 691 F3d 1152, 1159-1160.

[3] A subsequent corrective Assignment of Deed of Trust was recorded on July 12, 2012, correcting the name of the trust.

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

bankruptcy code or created by it. <u>In re Harris Pine Mills</u> (9th Cir. 1995) 44 F.3d 1431, 1435-1436. Thus, where a claim of action can be heard outside of, and exist, outside of bankruptcy law *it is a non-core proceeding over which a Bankruptcy Judge cannot make a determination*.

Here, Plaintiff concedes that the Second, Fourth, Fifth, Sixth, and Seventh Causes of Action are non-core. Complaint, pp. 11:23, 13:12, 14:26, 16:15, and 18:12. Thus, only the First Cause of Action for Declaratory Relief, and the Third Cause of Action to Determine Validity and Extent of Lien need to be addressed.

<u>In re Goodman</u> (9th Cir. 1993) 991 F2d 613, 617, holds that the Court can consider <u>sua sponte</u> whether a proceeding is "core" or "non-core" in consideration of the rights involved, and whether they:

1. <u>Exist independent of Title 11</u>.  The litigation between Plaintiff and Wells exists independent of Title 11 because the First Cause of Action for Declaratory Relief seeks a declaration as to who has possessory and ownership interest in the Property (Complaint, ¶¶ 55, 56), while the Third Cause of Action to Determine Validity and Extent of Lien seeks essentially the same thing – an order from the Court determining the validity and extent of Wells' lien. These are state law claims to be resolved by state courts;

2. <u>Depend upon state law for resolution</u>. The Erie Doctrine would dictate application of state law because none of the acts being litigated are based on, or fall exclusively under, Federal law or involve federal questions;

3. <u>Existed prior to the filing of the bankruptcy petition</u>. The basis forming all of Plaintiff's current litigation claims (i.e., the Assignment recorded on October 17, 2011 RJN, Exhibit 3])  existed before her bankruptcy was filed on December 6, 2012 (the "Bankruptcy Action"); and

4. <u>Were significantly affected by the filing of the bankruptcy case</u>. The Bankruptcy Action does not affect those rights by Plaintiff because Plaintiff did not even rely on the bankruptcy Court to attempt to reorganize her debt as to the Loan. See Third

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

1    Amended Plan, Document 24 in the Bankruptcy Action. Furthermore, Plaintiff

2    objected to Wells' proof of claim. Finally, Plaintiff is still able to be heard in state

3    court.

4    Plaintiff has the opportunity to litigate her matter in state court, and is required to

5    raise her arguments in state court, not in the Bankruptcy Court.  See Miller & Starr,

6    *California Real Estate 2d* Sections 18.140 & 18.144 (1989), see also <u>In re Tucson Estates</u>

7    (9th Cir. 1990) 912 F.2d 1162, 1169; <u>In re Universal Life Church</u> (ED CA 1991) 127

8    B.R.453, 455.  Accordingly the matter is not core to this Court and the Motion should be

9    granted.

10   **B.    THE COMPLAINT SHOULD BE DISMISSED FOR MISJOINDER     OF**
         **PARTIES**

11

12   Plaintiff's entire Complaint fails because she failed to join co-borrower, Clifford,

13   as an indispensable party to the action. FRCP Rule 12(b)(7). FRCP Rule 19(a) provides:

14       1)  A person who is subject to service of process and whose joinder will
             not deprive the court of jurisdiction over the subject matter of the
15           action <u>must</u> be joined as a party if:

16          a.  in that person's absence, the court cannot accord  complete relief
                among existing parties; or
17

18          b.  that person claims an interest relating to the subject of the action
                and is so situated that disposing of the action in the person's
19              absence may:

20              i.  as a practical matter impair or impede the person's ability
                    to protect the interest; or
21

22              ii.  leave an existing parties subject to a substantial risk of
                     incurring double, multiple, or otherwise inconsistent
23                   obligations because of the interest.

24   Here, co-borrower Clifford is a party to the Loan. RJN, Exhibits 1 and 2. Plaintiff's

25   Complaint concerns the Loan and DOT, as well as Plaintiff's and Clifford's default

26   thereunder, which affects Plaintiff's and Clifford's interests in the Loan, DOT and

27   Property. Nonetheless, Clifford is not a party to this action. As a result, this Court cannot

28   grant complete relief in his absence. Indeed, the Court's final disposition of this action

4

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

will affect Clifford to the same extent that it affects Plaintiff with respect to the Loan, DOT, and Property. <u>Trans Pacific Corp. v. South Seas Enterprises, Limited</u> (9th Cir. 1961) 291 F.2d 435, 436 ("A party is indispensable if his interest is such that a decree cannot be rendered that will not affect his interest, or if such party's absence leaves the controversy in such a condition that its final determination is wholly inconsistent with equity and good conscience."). Thus, Clifford's interests will not be adequately protected if this case continues in his absence. The Court cannot afford Clifford any relief, or impose any detriment, if he is not joined as a party to this action; making him indispensable.

Additionally, Defendants could face multiple and conflicting rulings and/or obligations, especially since Clifford is currently suing Defendants on the same issues in a separate lawsuit. RJN, Exhibit 5.[4] Accordingly, this case cannot proceed without Clifford, the co-borrower and co-owner of the Property. <u>Trinh v. Citibank, N.A.</u> (N.D. Cal. Dec. 17, 2012) 2012 WL 6574860, at *2 (joinder of plaintiff's co-borrower husband was required because his absence from the action would impair his ability to protect his interest); <u>Edwards v. Fed. Home Loan Mortgage Corp.</u>, (N.D. Cal. Nov. 13, 2012) 2012 WL 5503532, at *3 (plaintiff's co-borrower husband was necessary and indispensable party because plaintiff's interest in the property and her claims asserted were coterminous with husband's interests and claims). Therefore, the Court should dismiss Plaintiff's Complaint for failure to include a necessary and indispensable party.

## C.    PLAINTIFF'S ACTION IS BARRED BY RES JUDICATA AND/OR COLLATERAL ESTOPPEL

The Complaint challenges Wells' security interest in the Property based on the "holder of the note" and standing arguments. See Complaint, generally. However, as detailed below, these claims are predicated on the same facts and legal theories as asserted in Plaintiff's Bankruptcy Action. As a result, Plaintiff's Complaint is an

---

[4] Although the docket lists the status of the case as "closed", Clifford was indeed given leave to amend, should he choose to do so. See Docket item 14.

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

improper attempt to re-litigate claims that have already been adjudicated. Therefore, Plaintiff's Complaint is barred by res judicata and/or collateral estoppel.

### 1. The Complaint is Barred by Res Judicata.

The doctrine of res judicata bars litigation in a subsequent action of any claims that were raised or <u>could have been raised</u> in the prior action. <u>Owens v. Kaiser Foundation Health Plan, Inc.</u> (2001) 244 F.3d 708, 713; *see,* 7 Witkin, Cal. Proc. (3d Ed. 1985) Judgment § 188, et seq. Thus, an unsuccessful plaintiff cannot avoid the effects of an adverse final judgment by re-filing and asserting the same causes of action, or even related claims that were not asserted in the first action. <u>Lai v. Quality Loan Service Corp.</u>, 2010 WL 3419179 (C.D. Cal., 2010); *see,* <u>Stewart v. U.S. Bancorp</u> (9th Cir., 2002) 297 F.3d 953, 956 ("an involuntary dismissal on nonjurisdictional grounds is an 'adjudication upon the merits.'")

Res judicata is applicable under the Federal Rules of Civil Procedure whenever the following elements exist:  (1) identity or privity between the parties; (2) an identity of claims; and (3) a final judgment on the merits. *See,* <u>Lai</u>, 2010 WL 3419179. Here, Plaintiff's current action ("Adversary Action") is barred by res judicata.

First, the parties to the Adversary Action are the same or are in privity to the parties in the Bankruptcy Action (i.e., Plaintiff and Wells). *See,* Complaint, generally. In particular, the Adversary Action and the Bankruptcy Action were initiated by Plaintiff. *Id.* Moreover, Wells was a creditor in the Bankruptcy Action, while the Adversary Action is against Wells (among others). *Id.* Accordingly, there is identity and privity between the parties.

Second, the Adversary Action and the Bankruptcy Action share identity of claims. The central criterion in determining whether there is an identity of claims between the first and second adjudications is "whether the two suits arise out of the same transactional nucleus of facts." <u>Frank v. United Airlines, Inc.</u> (9th Cir. 2000)  216 F.3d 845, 851 (citation omitted). Thus, new claims may be barred if they are based on the same nucleus of facts and such claims could have been raised in the earlier action, regardless of

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

whether the new claims were actually litigated. Gregory v. Widnall (9th Cir. 1998) 153 F.3d 1071, 1074 . These are "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties...on the same cause of action." *Id.*; *see,* Feminist Women's Health Ctr. v. Codispoti (9th Cir. 1995) 63 F.3d 863, 868  (holding that res judicata bars subsequent action when the plaintiff "had to produce substantially the same evidence in both suits to sustain its case.")

The claims at issue in the Bankruptcy Action and the Adversary Action as to Wells' interest under the Loan are the same. *See,* Complaint, generally; Documents 45 (Objection to Claim), 50 (Motion to Determine Final Cure), 55 (Reply to Wells' Limited Opposition to Debtor's Objection to Claim in the Bankruptcy Action. Indeed, Plaintiff's allegations as to Wells in both actions arise from the "same transactional nucleus of facts" (i.e., Wells' interest affecting the Property). As a result, both action share identity of claims for res judicata purposes.

Third, the Bankruptcy Action resulted in a valid and final judgment on the merits when this Court issued its order sustaining Plaintiff's objection to Wells's claim as to the grounds that the claim was filed late, and denying the objection as to other grounds (including Wells' interest in the Loan). See Document 45 in the Bankruptcy Action.  In re de la Salle (Bankr. E.D. Cal., June 15, 2012, 10-29678-E-7) 2012 WL 8143977, at *6 (recognizing that objections to claims result in final judgments). See also Siegel v. Federal Home Loan Mortg. Corp. (9th Cir. 1998) 143 F.3d 525, 529 ("Siegel, however, argues that the proofs of claim filed by Freddie Mac are not final judgments giving rise to res judicata. Surely the claims themselves are not, but his argument ignores the fact that we have held that a bankruptcy court's allowance or disallowance of a claim is a final judgment.").[5] Therefore, the Prior Action resulted in a valid and final judgment on the merits.

---

[5] See also, In re Mirant Corp. (Bankr. N.D. Tex. 2004) 316 B.R. 234, 239; In re Thompson (Bankr. W.D. Mo. 2001) 260 B.R. 484, 485 (the bankruptcy judge can enter a final judgment resolving a dispute as to objections to claim).

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

### 2.    The Complaint is Barred by Collateral Estoppel.

Collateral estoppel or issue preclusion, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. New Hampshire v. Maine (2001)532 U.S. 742, 748-749.

> The doctrine applies 'only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.' Southern California Stroke Rehabilitation Associates, Inc., v. Nautilus, Inc. (S.D. Cal., 2011) 782 F.Supp.2d 1096, 1108.

Essentially, "'[i]f the matter was within the scope of the action, related to the subject matter and relevant to the issues, so that it could have been raised, the judgment is conclusive.... A party cannot by negligence or design withhold issues and litigate them in consecutive actions.'" Villacres v. ABM Industries Inc. (2010) 189 Cal.App.4th 562, 576; see also Sullivan v. Triunfo Gold & Silver Mining Co (1870) 39 Cal. 459, 465 ("The issue might depend upon one or more than one fact, and if upon several facts, it was incumbent on the party who would claim their benefit, to present them in support of the issue. Were this not the rule, the plaintiff might maintain as many actions to enjoin the collection of the assessment…The alleged new fact existed at the time of the commencement of the former action, and the plaintiff having neglected to avail himself of it then, is not now entitled to set it up, as a new ground of illegality of the assessment.")

As discussed above, the first (identical issues), second (actually litigated), third (decided), fourth (final decision on the merits), and fifth (same parties or in privity)

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

requirements for collateral estoppel have been satisfied. Accordingly, Plaintiff's entire Complaint is barred by collateral estoppel and should be dismissed with prejudice.

**D.    THE MOTION SHOULD BE GRANTED ON THE ADDITIONAL GROUNDS THAT PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

### 1.    *The Standard for Motions to Dismiss Under 12(b)(6)*

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6). Although a complaint need only include a short and plain statement of the claim showing that the pleader is entitled to relief (FRCP Rule 8(a)(2)), it must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal (2009) 129 U.S. 662, 678  (quoting Bell Atlantic Corp. v. Twombly (2007) 550 U.S. 544, 570 . "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 U.S. at 663. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" (Id.), or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors (9th Cir. 2001) 266 F.3d 979, 988; *see*, Starr v. Baca (9th Cir., 2011) 652 F.3d 1202, 1216 (holding that the Complaint must recite more than the elements and must plausibly show entitlement to relief). A motion to dismiss is properly granted where there is a lack of cognizable legal theory or an absence of sufficient facts alleged under a cognizable legal theory. Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc. (C.D. Cal., 1996).922 F.Supp.299, 304.

### 2.    *The Individual Person Defendants Cannot be Liable in their Individual Capacities*

Plaintiff names Lewis and Bryant in their individual capacities. Complaint, ¶¶ 13, 16, 17. Plaintiff, however, concedes that both Lewis and Bryant are being named as employees of the other entity defendants. Complaint, ¶¶ 16, 17. Thus, Lewis and Bryant

cannot be personally liable for any of the Complaint's non-fraud claims. <u>Filippo Indus., Inc. v. Sun Ins. Co. of New York</u> (1999) 74 Cal.App.4th 1429, 1443; <u>Nasrawi v. Buck Consultants, LLC</u> (E.D. Cal. June 29, 2010) 2010 WL 2629071, at *3, citing <u>United States Liability Ins. Co. v. Haidinger–Hayes, Inc.</u> (1970) 1 Cal.3d 586, 594–595 (An employee acting within the scope of employment cannot be held personally liable for negligence in performing employment duties for the corporation. That employee can be held personally liable only if he acts independently, outside scope of employment).

Here, Plaintiff does not allege any wrongdoing by Lewis and Bryant outside of their duties in the scope of their employment. To the contrary, Plaintiff alleges that Lewis signed and filed a proof of claim on Ocwen's behalf [Complaint, ¶¶ 13, 25, 48], and Bryant signed an assignment of the DOT on behalf of MERS. Complaint, ¶¶ 25, 41. Because Plaintiff concedes that such acts were done within the scope of Lewis and Bryant's employment, Lewis and Bryant cannot be held personally liable. Therefore, the Motion should be granted as to them with prejudice and without leave to amend.

### 3.    *Plaintiff's Challenge to Ownership/Assignment of the Loan Fails*

a.    <u>Plaintiff Has No Standing to Assert the Complaint's Claims</u>

Each of the Complaint's causes of action is based on the contention that the Loan was improperly assigned and/or securitized; however, this contention fails because Plaintiff has no standing to assert it. Specifically, Plaintiff is not, and never was, a party or third party beneficiary to any agreement assigning and/or securitizing the Loan. Therefore, Plaintiff lacks standing to challenge or enforce such agreements. <u>Christie v. Bank of New York Mellon, N.A.</u> (9th Cir. June 11, 2015) 2015 WL 3621870, at *1 ("Nor does Christie have standing to challenge the late assignment of her loan to the CWALT Trust under New York law since Christie is not an intended beneficiary of the CWALT Trust"); <u>In re Nordeen</u> (B.A.P. 9th Cir. Aug. 9, 2013) 2013 WL 4042618, *6-9 (holding that the borrower's loan contract is "distinct and separate" from the securitization agreement to which the borrowers are not parties); <u>Maynard v. Wells Fargo Bank, N.A.</u> (S.D. Cal. Sept. 11, 2013) 2013 WL 4883202 *7 ("Plaintiffs lack

1   standing to challenge the validity of the securitization of the Loan."); <u>Dahnken v. Wells</u>

2   <u>Fargo Bank, N.A.</u> (N.D. Cal. Nov. 8, 2013) 2013 WL 5979356, *2. See, <u>Jenkins v. JP</u>

3   <u>Morgan Chase Bank, N.A.</u> (2013) 216 Cal.App.4th 497, 515 ("As an unrelated third party

4   to the alleged securitization, and any other subsequent transfers of the beneficial interest

5   under the promissory note, Jenkins lacks standing to enforce any agreements, including

6   the investment trust's pooling and servicing agreement, relating to such transactions");

7   <u>Kan v. Guild Mortgage Co</u>. (2014) 230 Cal.App.4th 736, 744 (holding that a borrower

8   lacks standing to assert a violation of the securitization agreement and that there is no

9   basis for such a challenge under California law). "Because a promissory note is a

10  negotiable instrument, a borrower must anticipate it can and might be transferred to

11  another creditor.   As to Plaintiff, an assignment merely substituted one creditor for

12  another, without changing her obligations under the note."   <u>Herrera v. Federal National</u>

13  <u>Mortgage Assn.,</u> (2012) 205 Cal.App.4th 1495, 1507. Accordingly, the entire Complaint

14  fails.

15          b.   <u>Plaintiff's "Holder of the Note" Theory Fails</u>

16          Similar to the above, the Complaint's argument that Defendants could not foreclose

17  because they did not "hold" the original Promissory Note fails. Aside from being based on

18  Plaintiff's speculation, California Courts have routinely rejected the "holder of the note"

19  theory. <u>Debrunner v. Deutsche Bank Nat'l Trust Co.</u>, 204 Cal.App.4th 433, 440 (2012);

20  accord <u>Siliga v. Mortgage Electronic Registration Systems, Inc</u>. (2013) 219 Cal.App.4th

21  75, 84 n. 5; <u>Jenkins</u>, supra, 216 Cal.App.4th at 512–513; see also, <u>Lane v. Vitek Real</u>

22  <u>Estate Indus. Group</u> (E.D. Cal. 2010) 713 F.Supp.2d 1092, 1098-1099 ("There is no stated

23  requirement in California's non-judicial foreclosure scheme that requires a beneficial

24  interest in the Note to foreclose. Rather, [California Code of Civ. Proc. § 2924(a)(1)]

25  broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate

26  nonjudicial foreclosure."). Because the provisions of §2924, et seq., are "exhaustive,"

27  Defendants are not bound to have possession of the Note in order to foreclose, as there is

28  no such requirement under state law. <u>Roque v. Suntrust Mortg., Inc.</u> (N.D. Cal. Feb. 10,

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

2010) 2010 WL 546896, at *3. ("Uniformly among courts, production of the Note is not required to proceed in foreclosure and similarly <u>no production of any chain of ownership is required</u>.").  Indeed, California law does not permit a lawsuit - like Plaintiff's here – to force lenders and their agents to prove their authority to foreclose. <u>Gomes v. Countrywide Home Loans, Inc.</u> (2011) 192 Cal.App.4th 1149, 1154 ("[b]y asserting a right to bring a court action to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process, [plaintiff] is attempting to interject the courts into this comprehensive nonjudicial scheme. … Nothing in the statutory provisions establishing the nonjudicial foreclosure process suggests that such a judicial proceeding is permitted or contemplated."); <u>Robinson v. Countrywide Home Loans, Inc.</u> (2011) 199 Cal.App.4th 42, 45-46 ("We agree with the <u>Gomes</u> court that the statutory scheme (§§ 2924–2924k) does not provide for a preemptive suit challenging standing."); <u>Kan</u>, supra, 230 Cal.App.4th at 744.

In addition, Plaintiff seems to erroneously believe that a recorded Assignment is the instrument that *actually* transfers the Loan to an assignee, such as Wells Fargo or Wells. This rationale is flawed because an Assignment of a Deed of Trust is **<u>not</u>** required to be recorded under California law. See, *Civil Code*, § 2934; <u>Calvo v. HSBC Bank USA, N.A.</u> (2011) 199 Cal.App.4th 118, 121- 123, review denied (Jan. 4, 2012); <u>Fontenot v. Wells Fargo Bank, N.A.</u> (2011) 198 Cal.App.4th 256, 272. This is because the transfer of possession of the promissory note ***automatically*** carries with it the security (i.e., the deed of trust). California *Civil Code*, § 2936. Consequently, a recoded assignment merely operates to provide constructive notice of the deed of trust's beneficiary of record. California *Civil Code*, § 2934. As a result, Plaintiff's reliance on the recorded assignment is misplaced. <u>Fontenot</u>, supra, at 272 (the originating lender "could have easily assigned the promissory note to [an assignee] in an unrecorded document that was not disclosed to Plaintiff[s].").  Because the Complaint is entirely based on Plaintiff's erroneous assignment-based theory, the entire Complaint fails.

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

c.   Plaintiff Has Not Identified Any Prejudice

In addition to the above, California law requires a showing of prejudice or injury to challenge the validity of an assignment. Siliga, supra, 219 Cal.App.4th at 85-86; Herrera v. Federal National Mortgage Assn. (2012) 205 Cal.App.4th 1495, 1507. "[A] plaintiff…has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests." Fontenot, supra, at 272.

Here, there was no injury to Plaintiff – "even if any subsequent transfers of the promissory note were invalid, [Plaintiff] is not the victim of such invalid transfers because her obligations under the note remained unchanged." Jenkins, supra, 216 Cal.App.4th at 515.

Plaintiff has not, and cannot, identify any such prejudice or injury because she admittedly sought and obtained the Loan, **and agreed to repay it**. RJN, Exhibits 1 and 2. Regardless of *any* assignment, Plaintiff's obligation under the Loan remained the same (i.e. Plaintiff had to repay the Loan). Thus, Plaintiff has not, and cannot, establish any prejudice. Fontenot, supra, at 272 ("As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note. … the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a … promissory note.") Indeed, Plaintiff signed the DOT, expressly agreeing that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." RJN, Exhibit 2 at ¶ 20. Accordingly, Plaintiff has not, and cannot, allege that she suffered any prejudice.

**4.    *The Causes of Action Fail for the Following Additional Reasons***

a.   The First Cause of Action for Declaratory Relief Fails

Plaintiff's claim for declaratory relief fails because "'[d]eclaratory relief operates prospectively to declare future rights, rather than to redress past wrongs.' Therefore, '[w]here there is an accrued [claim] for a past breach of contract or other wrong, declaratory relief is inappropriate.'" Chang Bee Yang v. Sun Trust Mortg., Inc. (E.D. Cal. Mar. 15, 2011) 2011 WL 902108, * 5 (citations omitted). Jensen v. Quality Loan Serv.

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

Corp. (E.D. Cal. Mar. 22, 2010) 702 F. Supp. 2d 1183, 1188, citing Babb v. Superior Court (1971) 3 Cal.3d 841. An action in declaratory relief will not lie to determine an issue, which can be determined in the underlying action (i.e., on another form of relief). Id. at *14. 848. Here, the declaratory relief claim is wholly derivative of the substantive law claims asserted elsewhere in the Complaint, and impermissibly requests to redress "past wrongs." It adds nothing to the pleading and fails just as the rest of the deficient substantive claims.Therefore, the claim should be dismissed.

b.    The Second Cause of Action for Quiet Title Fails

Most importantly, in order to state a valid claim to quiet title, Plaintiff is required to discharge the Loan's debt. Manown v. Cal-Western Reconveyance Corp. (S.D. Cal., Aug. 4, 2009) 2009 WL 2406335, at *6 ("…a trustor cannot 'quiet title without discharging his debt.'").[6] Quiet title is an equitable claim, and a Plaintiff in equity must do equity in order to obtain relief.  Chavez v. Bank of America, N.A. (E.D. Cal., May 6, 2010) 2010 WL 1854087, *16.  In the circumstances involving an attempt by the borrower to quiet title against the beneficiary, this means repaying the money borrowed before voiding the security for the loan.  Id; Santos v. Countrywide Home Loans (E.D. Cal., Nov. 6, 2009) 2009 WL 3756337, *4 (citations omitted). Here, Plaintiff has not alleged that she has paid back the proceeds of the Loan.

California Code of Civil Procedure, § 761.020 sets forth the five elements which a Complaint must allege in order to sustain a Cause of Action to quiet title: (1) a legal description of real property and its street address; (2) plaintiff's title as to which a determination is sought and the basis of the title; (3) the adverse claims to the title; (4) the date as of which the determination is sought; and (5) a prayer for determination of the title of the plaintiff against the adverse claims.

---

[6] See, also, Aguilar v. Bocci (1974) 39 Cal.App.3d 475,477; Mix v. Sodd (1981)126 Cal.App.3d 386, 390; Miller v. Provost (1994)26 Cal.App.4th 1703, 1707.

NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT

Here, Plaintiff has not pled the required elements set forth above. As an initial matter, none of the Defendants except for Wells Fargo are claiming title to the Property, thus the cause of action must fails as to them.

Also, Plaintiff has not plead a valid "adverse claim" to title of the Property. Since Plaintiff alleges that she is entitled to clear title to the Property based on the "holder of the note" argument and an improper challenged to the assignment of the Loan, those arguments fail as discussed above. Thus, Plaintiff's Cause of Action for Quiet Title fails.

        c.   <u>The Third Cause of Action to Determine Validity and Extent of Lien Fails</u>

Plaintiff alleges that "any lien relied upon by the Defendants to establish a claim against the Property is invalid as a product of deceit, fraud, and misrepresentation" and that she seeks an Order that determines the validity and extent of the Lien claimed by Defendants. Complaint, ¶ 66-67. To the extent that Plaintiff is contending that Defendants are not entitled to payment under the Loan based on her preemptive challenge to the ownership of the Loan or the "holder of the note" theory, that claim fails for the reasons stated above.

Furthermore, Plaintiff is not claiming that the lien, as recorded is invalid, merely that Wells does not own the lien and/or is not entitled to enforce it. This argument does not, in and of itself, affect the *validity* of the lien.

        d.   <u>The Fourth Cause of Action for Fraud and Intentional Deceit and Misrepresentation, and the Fifth Cause of Action for Negligent Misrepresentation Fail</u>

Like all of the other causes of action, Plaintiff's Fourth Cause of Action for Fraud and Intentional Deceit and Misrepresentation, and the Fifth Cause of Action for Negligent Misrepresentation are based on Plaintiff's challenge to Assignment 1. Complaint, ¶¶ 72, 81. However, Plaintiff's claim is meritless.

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

1  First, these claims fail as a matter of law because they are barred by the three-year

2  statute of limitations under *Code of Civil Procedure* § 338(d). Assignment 1 was recorded

3  on October 17, 2012, thus, providing constructive notice of the transfer. RJN, Exhibit 3.

4  However, Plaintiff did not file this Adversary Action under nearly four years later. Thus,

5  any fraud-based claims are time-barred.

6  Second, Plaintiff fails to allege fraud with the requisite specificity. Under the

7  heightened pleading requirements of Federal Rules of Civil Procedure, Rule 9(b), a party

8  must state the circumstances constituting the fraud with particularity.  Plaintiff must

9  include the "who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp.

10  USA (9th Cir. 2003) 317 F.3d 1097, 1006 (citation omitted).  "The plaintiff must set forth

11  what is false or misleading about a statement, and why it is false." Decker v. Glenfed, Inc.

12  (9th Cir. 1994) 42 F.3d 1541, 1548 . "[W]here multiple defendants are asked to respond to

13  allegations of fraud, the complaint must inform each defendant of his alleged participation

14  in the fraud." Ricon v. Recontrust Co. (S.D. Cal. Aug. 4, 2009)  2009 WL 2407396, *2

15  When asserting fraud against a corporation or other business entity, a plaintiff must also

16  specifically allege the names of the persons, their authority to speak, to whom they spoke,

17  what they said or wrote, and when it was said or written. Wang & Wang LLP v. Banco Do

18  Brasil, S.A. (E.D. Cal. Mar. 26, 2007) 2007 WL 915232, *2.

19  Here, Plaintiff did not allege the purported fraud with the specificity required by

20  Rule 9(b). Plaintiff's contentions are conclusory, vague, general, and factually devoid.

21  Plaintiff failed to satisfy the "who, what, where" requirements of pleading fraud. Plaintiff

22  did not separate the individual Defendants and did not inform them of their alleged

23  participation in the purported fraud. Plaintiff also did not satisfy the requirements of

24  pleading fraud against a corporate entity.  For this reason alone, Plaintiff's claim fails.

25  In addition, Plaintiff's claim fails because she did not and cannot allege the

26  elements of fraud.  To state a claim for fraud, Plaintiff must allege facts demonstrating

27  "(1) misrepresentation of a material fact (consisting of false representation, concealment

28  or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage….” <u>Bower v. AT&T Mobility, LLC</u> (2011)196 Cal. App. 4th 1545, 1557; <u>Perlas v. GMAC Mortg., LLC</u> (2010) 187 Cal. App. 4th 429, 434.

First, Plaintiff did not, and cannot, allege that Defendants misrepresented a material fact to Plaintiff because, as discussed above, her “holder of the note” argument and challenge to the assignments are meritless.

Second, Plaintiff did not, and cannot, allege that Defendants intended to induce her reliance. It is well settled that “in order to establish fraud it must be shown that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation.” <u>Conrad v. Bank of America, National Trust and Sav. Assoc.</u> (1996) 45 Cal.App.4th 133, 157. “The defendant must intend to induce a particular act of the plaintiff and is not liable in fraud for unintended consequences.” *Id*.  Here, Plaintiff alleges that since the recording of Assignment 1 in 2011, Defendants have relied upon that document to assert a claim against Plaintiff. Complaint, ¶¶ 72, 81. Plaintiff further alleges that, by filing copies of the allegedly fraudulent Assignment 1 with this Court in 2014, Defendants continue to pursue their “defective” claims against Plaintiff. Complaint, ¶¶ 72, 73, 81, 82. Thus, according to Plaintiff, Defendants made these “misrepresentations” with the intent to induce Plaintiff to file a Chapter 13 proceeding to save her house from foreclosure. Complaint, ¶¶ 74, 83. It is unclear how Defendants intended to induce Plaintiff to file for bankruptcy by recording Assignment 1. Further, it is nonsensical to allege that Defendants’ filing of Assignment 1 with this Court *during* the bankruptcy proceeding could have possibly induced Plaintiff to *file* that bankruptcy proceeding, which had already been pending.

Third, Plaintiff has not, and cannot, establish any justifiable reliance. As previously discussed, to the extent Plaintiff argues that the recording of Assignment 1 induced her to file for bankruptcy protection, Plaintiff has not plead how it had done so. Furthermore, to the extent Plaintiff argues that she justifiably relied on Defendants’ filing of Assignment

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

1 with this Court during the bankruptcy in filing for bankruptcy, as discussed above, that claim is nonsensical.

Fourth, Plaintiff fails to allege any resulting damages. "Deception without resulting loss is not actionable fraud." <u>Service by Medallion, Inc. v. Clorox Co.</u> (1996) 44 Cal. App. 4th 1807, 1818. Here, damages can only be attributed to Plaintiff's failure to repay the Loan as agreed. Importantly, Plaintiff is not alleging that anyone other than Wells is attempting to collect on the Loan. For all of these reasons, the fraud-based claims fail.

e. The Sixth Cause of Action for Unfair Business Practices Fails

In order to allege a violation of *Business & Professions Code* §17200, a plaintiff must state with <u>reasonable particularity</u> the facts supporting the statutory elements of the violation. <u>Khoury v. Maly's of California</u> (1993) 14 Cal. App. 4th 612, 619. In order to have standing to allege such a claim, the plaintiff must have been injured as a result of the allegedly fraudulent, unfair, or unlawful activity in question. <u>Troyk v. Farmers Group, Inc.</u> (2009) 171 Cal.App.4th 1305, 1346. An "unfair practices claim under section 17200 <u>cannot be predicated on vicarious liability</u>." <u>Emery v. Visa International Service Association</u> (2002) 95 Cal.App.4th 952, 960. Thus, preliminarily, where Plaintiff alleges any misconduct by one Defendant that rises to a section 17200 violation, she cannot seek to hold the others vicariously liable. *Id.*

Furthermore, this cause of action fails because Plaintiff does not allege particular *facts* demonstrating any conduct by Defendants that could be classified as an unlawful, fraudulent, or unfair business act or practice. Plaintiff simply offers conclusory and vague allegations. Plaintiff does not allege any conduct by Defendants that could constitute a violation of an antitrust law, or to violate the policy or spirit of such law. <u>Wilson v. Hynek</u> (2012) 207 Cal.App.4th 999; <u>Durrell, supra,</u> 183 Cal.App.4th at 1366. Further, Plaintiff does not allege any conduct by Defendants that could be found to significantly threaten or harm competition.

Additionally, Plaintiff's section 17200 claim cannot stand independently as against Defendants because it is predicated on her other defective claims. <u>Puentes v. Wells Fargo</u>

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

1  Home Mortg., Inc. (2008) 160 Cal.App.4th 638, 643-644 ("section 17200 'borrows'

2  violations of other laws and treats them as unlawful practices that the unfair competition

3  law makes independently actionable…")

4       Moreover, Plaintiff does not allege an injury-in-fact and therefore lacks standing to

5  assert a Section 17200 claim. Cal *Bus. & Prof. Code*, §17204; <u>Durrell</u>, 183 Cal.App.4th at

6  p. 1359. Simply put, the Loan is in foreclosure because of Plaintiff's deliberate failure to

7  make payments on the Loan, and her continued refusal to cure the default. As discussed

8  above, Plaintiff does not allege that anyone other than Wells is attempting to collect on the

9  Loan, In fact, Plaintiff does not even claim that payments she made under the Loan were

10  not applied to the Loan. Accordingly, any "injury" Plaintiff is suffering due to the pending

11  sale is the direct result of her own breach of contract, and not from any wrongdoing by

12  Defendants. For these reasons, Plaintiff's cause of action fails.

13       f.   The Seventh Cause of Action for Injunction Fails

14       Plaintiff's claim for injunctive relief fails because injunctive relief is not considered

15  to be a viable claim. <u>Hafiz v. Greenpoint Mortg. Funding, Inc.</u> (N.D. Cal., 2009) 652

16  F.Supp.2d 1039, 1049 (Injunctive relief is a remedy, not a claim). As explained in <u>Hafiz</u>,

17  "injunctive relief is a remedy which must rely upon underlying claims [;] [i]f plaintiff

18  seeks injunctive relief, she should request it as part of her prayer for relief." <u>Hafiz v.</u>

19  <u>Greenpoint Mortg. Funding, Inc.</u> (N.D. Cal., 2009) 652 F. Supp. 2d 1039, 1049.  Here,

20  Plaintiff's injunctive relief claim is based upon her allegations regarding the propriety of

21  the loan's assignment process, and the debunked "holder of the note" theory, which fail as

22  discussed above. Thus, Plaintiff's injunctive relief claim cannot stand independently and

23  is subject to this Motion.

24  ///

25  ///

26  ///

27  ///

28  ///

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

1  **V.    CONCLUSION**

2      For the foregoing reasons, Defendants respectfully request that this Court grant

3  their Motion with prejudice and without leave to amend.

4                                 Respectfully submitted,

5                                 **WRIGHT, FINLAY & ZAK, LLP**

6

7  Dated:  November 4, 2015        By:    _/s/ Nichole L. Glowin_

8                                 Nichole L. Glowin, Esq.
                                   Attorneys for Defendants

9                                 WELLS FARGO BANK, NATIONAL

10                                ASSOCIATION SUCCESSOR BY
                                  MERGER TO WELLS FARGO BANK

11                                MINNESOTA, NATIONAL

12                                ASSOCIATION, AS TRUSTEE FOR
                                  GSAMP TRUST 2003-HE2, MORTGAGE

13                                PASSTHROUGH CERTIFICATES, SERIES

14                                2003-HE2; OCWEN LOAN SERVICING,
                                  LLC; MORTGAGE ELECTRONIC

15                                REGISTRATION SYSTEMS, INC.;

16                                VANESSA LEWIS; and TOBIAS BRYANT

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

### PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On November 4, 2015, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** on all interested parties in this action as follows:

[X]    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X]    (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 4, 2015, at Newport Beach, California.

_____
Gretchen Grant

1

2

### **SERVICE LIST**

3

4  Shawn P.K. Huston
   Hutson McCaffrey, LLP
5  2171 Ulric Street, Suite 205
   San Diego, CA 92111
6  shawnh@hustonmccaffrey.com
7  ***Attorney for Plaintiff, Susan L. Bourgeois***

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**