WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Nicholas G. Hood, Esq., SBN 238620
Nichole L. Glowin, Esq., SBN 262932
Yelena Cayton, Esq., SBN 258380
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel. (949) 477-5050; Fax (949) 477-9200
nglowin@wrightlegal.net

Attorneys for Defendants, WELLS FARGO BANK, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAMP TRUST 2003-HE2, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2003-HE2; OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; VANESSA LEWIS; and TOBIAS BRYANT

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>SUSAN L. BOURGEOIS<br><br>SUSAN L. BOURGEOIS, an individual,<br>             Plaintiff,<br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAMP TRUST 2003-HE2, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2003-HE2, a corporation, et al.,<br>             Defendants. | Adversary Case No.: 15-90176-LA<br>Bankruptcy Case No.: 12-16096-LA<br><br>*Assigned to Hon. Louise DeCarl Adler*<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**<br><br>**[FRCP Rule 12(f)]**<br><br>Date: December 17, 2015<br>Time: 2:00 p.m.<br>Dept.: 2<br>Room: 18<br><br>[Filed concurrently with Motion to Dismiss and Request for Judicial Notice] |

1

**NOTICE OF MOTION AND MOTION TO STRIKE**

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that on December 17, 2015 at 2:00 p.m. in Department 2/Room 18 of the above-referenced Court, located at 325 West F Street, San Diego, California 92101, Defendants WELLS FARGO BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAMP TRUST 2003-HE2, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2003-HE2 ("Wells Fargo"); OCWEN LOAN SERVICING, LLC ("Ocwen"); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); VANESSA LEWIS ("Lewis") and TOBIAS BRYANT ("Bryant") (collectively, "Defendants") will move this Court, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(f) for an Order striking portions of the Adversary Complaint ("Complaint") of Plaintiff SUSAN L. BOURGEOIS ("Plaintiff").

Specifically, Defendants move to strike the following from Plaintiff's Complaint:

1. Requests for exemplary and punitive damages contained in paragraph 77 of the Complaint, and paragraph 6 of Plaintiff's prayer for relief on the Fourth Cause of Action;

2. Requests for emotional distress damages contained in paragraph 3 of Plaintiff's prayer for relief on the Fourth Cause of Action.

This motion is made pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(f) on the grounds that the above-referenced paragraphs contain prayers for relief which are not available as a matter of law, and redundant, immaterial, or impertinent allegations.

1  This Motion is based upon this Notice of Motion and Motion, the supporting
2 Memorandum of Points and Authorities set forth below, the Request for Judicial Notice
3 filed concurrently herewith, the complete file and records in this action, the oral argument
4 of counsel, if any, and such other and further evidence as the Court might deem proper.

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated: November 4, 2015      By:      */s/ Nichole L. Glowin*
Nichole L. Glowin, Esq.
Attorneys for Defendants
WELLS FARGO BANK, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAMP TRUST 2003-HE2, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2003-HE2; OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; VANESSA LEWIS; and TOBIAS BRYANT

**NOTICE OF MOTION AND MOTION TO STRIKE**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants submit this Motion to Strike Portions of Plaintiff's Adversary Complaint ("Complaint") because the Complaint contains (1) prayers for damages that are not recoverable as a matter of law, and (2) redundant, immaterial, or impertinent allegations. Specifically, the Complaint contains prayers for punitive damages and emotional distress damages. However, Plaintiff is not entitled to recover punitive damages she has not alleged a proper basis for such an award. Indeed, Plaintiff's allegations fail to meet the specificity required by Rule 9(b), let alone show that Defendants are guilty of oppression, malice or fraud. Moreover, Plaintiff is not entitled to recover emotional distress damages since her claims are based solely on an economic injury. Therefore, these prayers and allegations are improper and immaterial and, as a result, should be stricken from the Complaint.

This Motion to Strike is scheduled to be heard concurrently with Defendants' Motion to Dismiss Plaintiffs' Complaint and Request for Judicial Notice. Thus, it incorporates by this reference the background facts set forth in the memorandum of points and authorities in support of the Motion to Dismiss the Complaint.

### II. ARGUMENT

#### A. The Court May Strike Portions of the Complaint As Requested.

Rule 12(f) of the Federal Rules of Civil Procedure states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The Court may also strike a prayer for relief which is not available as a matter of law. Susilo v. Wells Fargo Bank, N.A. (C.D. Cal., 2011) 796 F.Supp.2d 1177, 1196.

#### B. Plaintiff's Request for Exemplary and/or Punitive Damages Must Be Stricken Since it is Not Supported by the Necessary Factual Allegations.

A plaintiff may only obtain punitive damages for the "oppression, fraud or malice" of a defendant. *See*, Civ. Code § 3294(a). "Oppression" requires a finding that the

1  defendant engaged in "despicable conduct that subjects a person to cruel and unjust
2  hardship in conscious disregard of that person's rights." Civ. Code § 3294, subd. (c)(2).
3  "Fraud" requires an "intentional misrepresentation, deceit, or concealment of a material
4  fact known to the defendant with the intention on the part of the defendant of thereby
5  depriving a person of property or legal rights or otherwise causing injury." Civ. Code §
6  3294, subd. (c)(3). "Malice" requires that the defendant engage in "conduct which is
7  intended by the defendant to cause injury to the plaintiff or despicable conduct which is
8  carried on by the defendant with a willful and conscious disregard of the rights or safety
9  of others." Civ. Code § 3294, subd. (c)(1).

10      A complaint cannot simply allege oppression, fraud, or malice without alleging
11  factual support. <u>A plaintiff's allegations of such conduct must be supported by specific
12  facts and not mere assertions and legal conclusions.</u> *See*, <u>Bartling v. Glendale Adventist
13  Medical Center</u> (1986)184 Cal.App.3d 961, 969; <u>Cyrus v. Havision</u> (1976) 65
14  Cal.App.3d 306, 316-317; <u>Toole v. Richardson-Merrell, Inc.</u> (1967) 251 Cal.App.2d 689,
15  711; <u>Hilliard v. A.H. Robins Co.</u> (1983) 148 Cal.App.3d 374, 392. The plaintiff must
16  allege "the names of the persons who made the allegedly fraudulent representations, their
17  authority to speak, to whom they spoke, what they said or wrote, and when it was said or
18  written." <u>Tarmann v. State Farm Mut. Auto. Ins. Co.</u> (1991)2 Cal.App.4th 153, 157 .
19  Thus, a prayer for punitive damages may not be based on conclusory allegations, and if it
20  is, it may be stricken. *See*, <u>G.D. Searle & Co. v. Superior Court</u> (1975) 49 Cal.App.3d 22,
21  29; <u>Faulkner v. California Toll Bridge Authority</u> (1952) 40 Cal.2d 317, 319. When
22  pleading a claim for punitive damages against an entity, such as Defendants, it is
23  necessary to allege and prove that any alleged acts were done with the knowledge or
24  under the direction of the principal. In other words, the agent-employee's actions must
25  have been authorized or ratified by the employer-principal with knowledge of the willful
26  and malicious character of such acts. *See*, <u>Hartman v. Shell Oil Co.</u> (1977) 68 Cal.App.3d
27  240, 248. This authorization or ratification must be done by a partner, officer or
28

2
**NOTICE OF MOTION AND MOTION TO STRIKE**

managing agent and must be done with knowledge as to the malicious quality of the subject act or conduct. *See,* Ebaugh v. Rabkin (1972) 22 Cal.App.3d 891, 895.

Here, Plaintiff's request for punitive damages must be stricken because the request is not supported by the specific factual allegations necessary for such an award. Plaintiff's Complaint is devoid of any specific allegations showing "who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *See,* Complaint, generally; Tarmann, 2 Cal.App.4th at 157. Indeed, Plaintiff has failed to allege that any actual misrepresentation was made by Defendants. *See,* Complaint, generally. Thus, Plaintiff has failed to allege a viable fraud-based claim, let alone any facts to support that Defendants acted with oppression, fraud and/or malice.

Furthermore, Plaintiff has not pled any facts to show that: (1) any purported wrongdoing was done with the authorization or ratification of Defendants' principals; or (2) that such principals had knowledge of any alleged wrongful conduct. *See,* Complaint, generally. As a result, Plaintiff's request for punitive damages is based solely upon conclusory assertions, which is improper. *See,* G.D. Searle & Co., 49 Cal.App.3d at 29; Faulkner, 40 Cal.2d at 319. Therefore, Plaintiff has failed to allege that she is entitled to punitive damages and, as a result, Plaintiff's request for exemplary and/or punitive damages must be stricken.

### C. Plaintiff's Allegations Pertaining to Emotional Distress Damages Should be Stricken Because there is No Basis Alleged for Such an Award.

Emotional distress damages are not recoverable where the emotional distress arises solely from property damage or economic injury to the plaintiff. *See,* Butler Rupp v. Lourdeaux (2005)137 Cal.App.4th 1220, 122 . Here, Plaintiff's alleged emotional distress arises solely from Wells' attempt to enforce its interest in the subject property, which is an economic injury. Thus, as a matter of law, Plaintiff is not entitled to recover damages resulting from her purported emotional distress. Accordingly, Plaintiff's request of emotional distress damages must be stricken.

### III. CONCLUSION

For the reasons set forth above, Defendants respectfully request that Plaintiff's requests for (1) punitive/exemplary damages, and (2) severe emotional distress damages be stricken from the Complaint.

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated: November 4, 2015        By:    _/s/ Nichole L. Glowin_
Nichole L. Glowin, Esq.
Attorneys for Defendants
WELLS FARGO BANK, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAMP TRUST 2003-HE2, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2003-HE2; OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; VANESSA LEWIS; and TOBIAS BRYANT

## PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On November 4, 2015, I served the within **NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S ADVERSARY COMPLAINT** on all interested parties in this action as follows:

[X]  by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ]  (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X]  (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]  (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 4, 2015, at Newport Beach, California.

_____
Gretchen Grant

# SERVICE LIST

Shawn P.K. Huston
Hutson McCaffrey, LLP
2171 Ulric Street, Suite 205
San Diego, CA 92111
shawnh@hustonmccaffrey.com
***Attorney for Plaintiff, Susan L. Bourgeois***

2

**PROOF OF SERVICE**