CSD 3018 [03/01/15]
Name, Address, Telephone No. & I.D. No.

Huston | McCaffrey, LLP
Shawn P. K. Huston (SBN 235944)
2171 Ulric Street, Suite # 205
San Diego, CA 92111
Email: ShawnH@HustonMcCaffrey.com
Phone: (619) 800-1166    Facsimile: (888) 528-5471

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

Susan L. Bourgeois
            Debtor,

BANKRUPTCY NO. 12-16096-LA13

Susan L. Bourgeois
           Plaintiff(s)

ADVERSARY NO. 15-90176-LA

v.

Wells Fargo Bank, National Association, et al.
           Defendant(s)

Date & Time of Pre-Trial Status Conference: none set
Name of Judge: Hon. Louise D. Adler

## CERTIFICATE OF COMPLIANCE WITH EARLY CONFERENCE OF COUNSEL
[LOCAL BANKRUPTCY RULE 7016-1]

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The parties submit the following CERTIFICATE OF COMPLIANCE WITH EARLY CONFERENCE OF COUNSEL requirements in accordance with Local Bankruptcy Rule 7016-1(c):

**A.**  **PLEADINGS/SERVICE:**

1. Have all parties been served?  ☒ Yes  ☐ No

2. Have all parties filed and served answers to the complaint, counter-complaints, etc.?  ☐ Yes  ☒ No

   While Defendants have not filed an answer at this time, the Defendants have filed a motion to strike certain portions of the Complaint and a motion to dismiss the entire complaint.

**B.**  **DISCOVERY PLAN:**

1. Fed. R. Bankr. P. 7026 and Local Bankruptcy Rule 7016-1(a)(3) require the parties to meet within thirty (30) days after all defendants have appeared or, in cases having multiple defendants, within forty-five (45) days after the first defendant appears. The parties to this case met on  12-03-2015  .

2. The parties have agreed to make the disclosures required by Fed. R. Bankr. P. 7026(a)(1) by  2-3-2016  .

3. (Check one)
   A.  The parties have agreed on the discovery plan attached as Exhibit A.  ☐

   or

   B.  The parties cannot agree on a discovery plan and scheduling order. The attached Exhibit A sets forth the parties' disagreements and reasons for each party's position.  ☒

CSD 3018

**C.  SETTLEMENT OR MEDIATION:**

1. What is the status of settlement efforts?
   Parties are in negotiation to settle. Some progress has been made but there is much more work to be done.

2. Has this dispute been formally mediated? If so, when?
   No.

3. Has mediation been discussed with your client? (See Local Bankruptcy Rule 7016-3.)
   Plaintiff ☑ Yes  ☐ No    Defendant ☑ Yes  ☐ No

4. The parties desire to go to voluntary, non-binding mediation. (See Administrative Procedures, Section 5) They have reviewed the list of mediators on the court's website (www.casb.uscourts.gov) or obtained the list from the court and have selected the following persons subject to availability as first, second, and third choices for mediator:
   First Choice:   to be determined
   Second Choice:
   Third Choice:
   Parties are requested to notify the courtroom deputy of their preferences at the time a pre-trial status conference date is obtained.

**D.  READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?

   | Plaintiff | Defendant |
   |---|---|
   | June 30, 2016 | November 1, 2016 |

2. If your answer to the above is more than five (5) months after the summons issued in this case, give reasons for further delay.

   | Plaintiff | Defendant |
   |---|---|
   | Case is not at issue and Plaintiff must depose out of state witnesses | Discovery must be conducted. Defendant reserves right to bring summ. judgment motion. |

3. When do you expect to complete your discovery efforts?

   | Plaintiff | Defendant |
   |---|---|
   | June 15, 2016 | August 1, 2016 |

4. What additional discovery do you require to prepare for trial?

   | Plaintiff | Defendant |
   |---|---|
   | All discovery needs to be done | Discovery has not yet begun. Written discovery and oral depositions of witnesses is forthcoming. |

**E.  TRIAL TIME:**

1. What is your estimate of the time required to present your side of the case at trial (including rebuttal stage, if applicable)?

   | Plaintiff | Defendant |
   |---|---|
   | ten days | three days |

2. How many witnesses do you intend to call at trial (including opposing parties)?

   | Plaintiff | Defendant |
   |---|---|
   | ten | unknown at this time |

3. Are any of the witnesses considered expert witnesses (Fed. R. Evid. 702)? If so, the parties agree to identify their expert witnesses by   April 2, 2016
   (See Fed. R. Bankr. P. 7026(a)(2)(C))

4. How many exhibits do you anticipate using at trial?

   <u>Plaintiff</u>
   100 (est.)

   <u>Defendant</u>
   unknown at this time

5. Are any special accommodations required for witnesses (e.g., assisted listening devices, etc.)? Check one:
   ☑ No                    ☐ Yes – Please specify:

6. Is any special equipment required for presentation of evidence? Check one:
   ☐ No                    ☑ Yes – Please specify:
   Power Point Projector and Screen

F. **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** *(Use additional page if necessary.)*

| | |
|---|---|
| Dated: December 10, 2015 | Dated: December 10, 2015 |
| Huston | McCaffrey, LLP | Wright, Finlay & Zak, LLP |
| Firm Name | Firm Name |
| By: /s/ Shawn P. K. Huston | By: /s/ Helen Cayton |
| Name: Shawn P. K. Huston (SBN 235944) | Name: Helen Cayton (SBN 258380) |
| Attorney for: Susan L. Bourgeois | Attorney for: Wells Fargo Bank, N. A., et al. |

Local Bankruptcy Rule 7016-1(c) requires this form to be filed no later than seven (7) days after early conference of Counsel.

CSD 3018

CSD 3018 (Page 4) [03/01/15]

## DEFENDANTS' EXHIBIT A

1. **DISCOVERY PLAN**. The parties jointly propose to the court the following discovery plan: [Use separate paragraphs or subparagraphs as necessary if parties disagree.]
   Parties and witnesses need to be deposed. Request for admissions and request for production of documents need to be made. Interrogatories need to be sent to opposing parties.

   Discovery will be needed on the following subjects: (brief description of subjects on which discovery will be needed)
   Plaintiff claim subject matter includes the authority of MERS to assign a deed of trust for a dissolved company, whether the Defendants actually possess the original note. The amount and validity of the alleged lien on the Property. Loan modification efforts by Plaintiff. Extent of mental suffering and damages suffered by Plaintiff.
   All discovery commenced in time to be completed by August 1, 2016. [Discovery on (issue for early discovery) to be completed by February 3, 2016.]

   Maximum of __25__ interrogatories by each party to any other part. [Responses due __30__ days after service.]

   Maximum of __50__ requests for admission by each party to any other party. [Responses due __30__ days after service.]

   Maximum of __5__ depositions by plaintiff(s) and __5__ by defendant(s).

   Each deposition [other than of _____ ] limited to maximum of __7__ hours unless extended by agreement of parties.

   Reports from retained experts under Fed. R. Bank. P. 7026(a)(2) due:

   a) from plaintiff(s) by June 2, 2016

   b) from defendant(s) by June 2, 2016

   Supplementations under Fed. R. Bank. P. 7026(e) due (time(s) or interval(s) June 2, 2016 ).

2. **OTHER ITEMS**. [Use separate paragraphs or subparagraphs as necessary if parties disagree.]

   Plaintiff(s) should be allowed until April 2, 2106 to join additional parties and until April 2, 2016 to amend the pleadings.

   Defendant(s) should be allowed until April 2, 2016 to join additional parties and until April 2, 2016 to amend the pleadings.

   All potentially dispositive motions should be filed by July 30, 2016.

   Final lists of witnesses and exhibits under Fed. R. Bank. P. 7026(a)(3) should be due

   a) from plaintiff(s) by June 2, 2016

   b) from defendant(s) by June 2, 2016

   Parties should have __30__ days after service of final lists of witnesses and exhibits to list objections under Fed. R. Bank. P. 7026(a)(3).

   [Other matters.]
   Defendants contend that discovery should not commence until the Court determines whether Plaintiff has standing to bring this action, and whether she has standing to bring this action in this particular venue. Plaintiff has demanded as part of their Fed. R. Bank. P. 7026(a)(1) mandatory early disclosures that the Defendants provide the name, addresses (work and home), and phone numbers (work and home) of individual defendants (Vanessa Lewis and Tobias Bryant) and produce the original promissory Note related to this case for inspection by the Plaintiff and her expert by the statutory period of 12-17-2015. Defendants object to producing the Note for inspection on the grounds that the Note is not relevant to the suit, and so they will not produce the Note unless the Court orders them to do so. Plaintiff contends that Defendants have a duty to produce and that production would be dispositive to the case.

CSD 3018

CSD 3018 (Page 4) [03/01/15]

PLAINTIFF'S EXHIBIT A

1. **DISCOVERY PLAN**. The parties jointly propose to the court the following discovery plan: [Use separate paragraphs or subparagraphs as necessary if parties disagree.]

    Parties and witnesses need to be deposed. Request for admissions and request for production of documents need to be made. Interrogatories need to be sent to opposing parties.

    Discovery will be needed on the following subjects: (brief description of subjects on which discovery will be needed) Plaintiff claim subject matter includes the authority of MERS to assign a deed of trust for a dissolved company, whether the Defendants actually possess the original note. The amount and validity of the alleged lien on the Property. Loan modification efforts by Plaintiff. Extent of mental suffering and damages suffered by Plaintiff.

    All discovery commenced in time to be completed by August 1, 2016    . [Discovery on (issue for early discovery) to be completed by February 3, 2016    ,]
Except for the production of inspection of the original promissory note and the production of the contact information of Tobias Bryant and Vanessa Lewis - which the Plaintiff asserts (Defendant refuses to produce the note as irrelevant)must be accomplished by 12-17-2015.

    Maximum of _100_ interrogatories by each party to any other part. [Responses due _30_ days after service.]

    Maximum of _100_ requests for admission by each party to any other party. [Responses due _30_ **days** after service.]

    Maximum of _20_ depositions by plaintiff(s) and _5_ by defendant(s).

    Each deposition [other than of _____ ] limited to maximum of _24_ hours unless extended by agreement of parties.

    Reports from retained experts under Fed. R. Bank. P. 7026(a)(2) due:

    a)    from plaintiff(s) by June 2, 2016

    b)    from defendant(s) by June 2, 2016

    Supplementations under Fed. R. Bank. P. 7026(e) due (time(s) or interval(s) June 2, 2016    ).

2. **OTHER ITEMS**. [Use separate paragraphs or subparagraphs as necessary if parties disagree.]

    Plaintiff(s) should be allowed until April 2, 2106    to join additional parties and until April 2, 2016    to amend the pleadings.

    Defendant(s) should be allowed until April 2, 2016    to join additional parties and until April 2, 2016    to amend the pleadings.

    All potentially dispositive motions should be filed by July 30, 2016    .

    Final lists of witnesses and exhibits under Fed. R. Bank. P. 7026(a)(3) should be due

    a)    from plaintiff(s) by June 2, 2016

    b)    from defendant(s) by June 2, 2016

    Parties should have _30_ days after service of final lists of witnesses and exhibits to list objections under Fed. R. Bank. P. 7026(a)(3).

    [Other matters.]
    Defendants contend that discovery should not commence until the Court determines whether Plaintiff has standing to bring this action, and whether she has standing to bring this action in this particular venue. Plaintiff has demanded as part of their Fed. R. Bank. P. 7026(a)(1) mandatory early disclosures that the Defendants provide the name, addresses (work and home), and phone numbers (work and home) of individual defendants (Vanessa Lewis and Tobias Bryant) and produce the original promissory Note related to this case for inspection by the Plaintiff and her expert by the statutory period of 12-17-2015. Defendants object to producing the Note for inspection on the grounds that the Note is not relevant to the suit, and so they will not produce the Note unless the Court orders them to do so. Plaintiff contends that Defendants have a duty to produce and that production would be dispositive to the case.

CSD 3018